Filed 7/1/21  Crowder v. Freeman, Freeman & Smiley CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| ROBERT S. CROWDER, | B303397 |
| Petitioner and Appellant, | (Los Angeles County Super. Ct. No. BS171615) |
| v. | |
| FREEMAN, FREEMAN & SMILEY LLP, | |
| Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Richard J. Burdge, Judge.  Affirmed.

Arent Fox, Malcolm S. McNeil and David Bayles for Petitioner and Appellant.

Robie & Matthai, Kyle Kveton for Respondent.

_____

Robert Crowder, an attorney, and Freeman, Freeman & Smiley LLP (Freeman), his former law firm, disputed the payment due Crowder upon his withdrawal from the partnership. Pursuant to the partnership agreement, the dispute proceeded to arbitration before the Judicial Arbitration & Mediation Service (JAMS). The arbitrator disposed of the principal issues by way of summary adjudication and ultimately rendered an award in favor of Freeman. Crowder petitioned the superior court to vacate the award on the ground that the arbitrator refused to hear evidence material to the controversy and conducted a hearing for which Crowder was unavailable. He also moved to disqualify the trial judge, who had once rented office space from Freeman's counsel. Freeman moved to confirm the award. The trial court denied the disqualification motion, denied Crowder's petition, and confirmed the award.

We affirm.

## BACKGROUND

### A. Arbitration Agreement

Crowder joined Freeman in 2008, and on January 1, 2015, was made an equity partner. Crowder was required to sign a partnership agreement as a condition of becoming an equity partner.

The agreement provided that a partner could withdraw from the partnership at the end of any calendar month but must give 30 days written notice. The agreement further provided that after giving notice, the partner and firm must "cooperate in good faith to develop a transition plan to deal equitably with issues arising in connection with the withdrawal," including collection of the partner's accounts receivable, organization of files and workflow, notices to clients, allocation of responsibility for work

2

in process, and the filing of appropriate substitutions of attorney. The withdrawing partner's interest in the partnership would be redeemed for a price equal to the partner's vested "profit percentage" times 60 percent of the firm's "adjusted book value." "Payment of all sums owing to the withdrawing Partner [was] specifically conditioned on such partner having given timely and proper written Withdrawal Notice, and the withdrawing Partner's good-faith compliance with the transition plan."

The partnership agreement contained an arbitration provision, which stated: "Any dispute or controversy in connection with this Agreement which cannot be settled by the parties shall be submitted to Judicial Arbitration and Mediation Service (JAMS) in Los Angeles County, California, and the parties shall follow all applicable procedural rules set forth by JAMS to conduct the arbitration; any arbitration award will be final and binding upon the parties, and judgment thereon may be entered in any court of competent jurisdiction. The arbitrator may award reasonable attorneys' fees and arbitration costs to the prevailing party."

## B.     Arbitration, Stage One

At approximately 10:30 a.m. on August 16, 2012, Crowder sent an email to Freeman's executive management committee, advising that he would withdraw from the firm at the end of the day. Crowder left the firm that day without making efforts to transition pending work to himself or to attorneys in the firm. The next day, he demanded that the firm make certain payments to him, but by November 2012 the parties were unable to resolve their differences.

On November 16, 2016, Freeman filed an arbitration demand with JAMS, seeking a declaration "as to the parties'

respective rights and obligations as to Mr. Crowder's payment demands." Freeman contended that the manner of Crowder's withdrawal from the firm breached several provisions of the partnership agreement, thereby forfeiting compensation that would have otherwise been due. The firm also contended that Crowder failed to meet production requirements specified in the partnership agreement, and therefore owed the firm money.

Crowder cross-complained, contending the firm breached the partnership agreement and its ethical and fiduciary duties to him and his clients, forcing him to withdraw from the partnership. He contended the firm owed him compensation for reduced draws and distributions, and the provisions in the partnership agreement that would deprive him of compensation upon his un-noticed withdrawal were unreasonable and void.

Freeman answered the cross-complaint, contending Crowder was owed nothing under the partnership agreement because he breached the agreement, breached his fiduciary duties to the firm, and failed to fulfill conditions precedent to the firm's performance.

Crowder filed a motion seeking summary adjudication of (1) whether the partnership agreement's forfeiture provisions were enforceable, (2) whether enforcement would be unreasonable, and (3) whether Freeman had already been "more than fully compensated."

Freeman filed a cross-motion for summary adjudication of its request for a declaration of the parties' rights and obligations under the partnership agreement as to Crowder's payment demands and Freeman's affirmative defenses.

Neither motion, nor much of any supporting matter (such as exhibits, separate statements, oppositions, and objections) appears in the record.

On June 6, 2017, the arbitrator issued a 19-page tentative order on the cross-motions. In it she stated that Freeman claimed Crowder owed it $13,260.60, and that Crowder's claim under the partnership agreement amounted to $36,789.10.

The arbitrator tentatively found that Crowder violated the partnership agreement by failing to provide sufficient notice before withdrawing from the firm and failing to help transition clients to other attorneys, and Freeman therefore owed Crowder no post-departure compensation. The arbitrator thus tentatively granted Freeman's motions for summary adjudication of its request for declaratory relief and its affirmative defenses, denied Crowder's motion for summary adjudication, and concluded Freeman owed Crowder nothing.

On June 16, 2017, the arbitrator conducted a telephonic hearing on the motions. At the hearing, Freeman represented that it had received some of the money Crowder owed it, but was still owed approximately $13,000. After taking parties' motions under submission to reexamine evidence, objections, and authorities, the arbitrator suggested that should the tentative ruling become final, a further one-day hearing could be held July 25, 26, or 27 to discuss the amount of any award Freeman should receive. Crowder agreed to a hearing on July 26.

The arbitrator thereafter issued a preliminary conference order setting the final arbitration hearing for July 26, 2017, and reminding the parties that arbitration fees were to be paid in advance of the hearing.

On June 20, 2017, the arbitrator issued a 19-page interim award in which she ruled on evidentiary objections and basically affirmed the tentative ruling. She determined that the notice and transition requirements of the partnership agreement were reasonable, there was no material fact disputing that Crowder failed to comply with them, and that such compliance was a condition precedent to the firm owing him any compensation upon his withdrawal. The arbitrator rejected Crowder's contention that enforcement of the forfeiture provisions would be unfair or unreasonable under the circumstances, and his claim that the firm had been fully compensated. The arbitrator concluded that Freeman owed Crowder nothing.

## C.    Arbitration, Stage Two

On June 20, 2017, the arbitrator sent the parties an invoice for the upcoming hearing to be held on July 26, requiring that each side pay $6,700. On June 21, 2017, the arbitrator sent a notice of the hearing to each side, which stated that all fees must be paid by July 12.

On July 11, 2017, Crowder informed the arbitrator that in light of the interim award, he was willing to pay the approximately $13,000 Freeman claimed was still due, as he could not afford to continue the arbitration.

Freeman paid its portion of the arbitration fees for the upcoming July 26, 2017 hearing but Crowder did not.

On July 13, 2017, the case manager informed the parties that the July 26 hearing was off calendar because JAMS had not received all the fees due. The manager invited the parties to contact him to reschedule. Freeman immediately paid Crowder's portion of the fees.

On July 17, 2017, the case manager informed the parties that the matter was back on calendar. Crowder immediately informed the manager that between the matter being taken off calendar and put back on, he had "scheduled a number of activities," and would no longer be available. Crowder reminded the manager that a further hearing would be a waste of resources, as he was willing to pay Freeman the approximately $13,000 remaining at issue.

JAMS responded that the arbitrator would be available for a two-hour hearing on July 28 or 31, 2017, to which Crowder responded, "I do not consent to this hearing. Please see my correspondence of July 11 and July 17."

On July 21, 2017, the arbitrator sent notice to both sides that a final hearing would be held on July 28, 2017. The hearing went forward on that date, but Crowder did not attend.

On August 14, 2017, the arbitrator issued a final award, declaring that Freeman owed Crowder nothing and Crowder owed Freeman $13,260.60 (without interest) plus "reasonable expenses (attorney fees) and costs" in the amount of $78,936.99.

As regards to the attorney fees and costs, the arbitrator found that Crowder "significantly increased the expenses and costs of the arbitration by making a meritless motion to disqualify [Freeman's] counsel and a meritless cross-motion for summary adjudication on the Cross-Complaint. It is fair to say that [Freeman's] attorney fees and the JAMS fees or costs, both of which are fairly substantial, would have been significantly less except for Mr. Crowder's litigation strategy. Although Mr. Crowder characterizes himself as a 'victim' in his Opposition, that simply is not so. His claim that he tried to settle the case ignores the fact that he initially – and continuing through the

summary adjudication stage – insisted that [Freeman] owed him a substantial amount of money (approximately $120,000); and his post-summary adjudication settlement offers did not include the substantial attorney fees and JAMS costs [Freeman] had incurred by the end of the summary adjudication process."

**D.    Litigation**

On November 22, 2017, Crowder petitioned the superior court to vacate the arbitration award, contending:  the arbitrator prevented him from presenting evidence—and demonstrated bias—by sustaining Freeman's evidentiary objections, ignoring Crowder's evidence, and summarily adjudicating essentially all the issues; improperly considered evidence that had not been produced in discovery; improperly held the July 28, 2017 hearing; improperly considered Freeman's untimely filings; improperly denied Crowder's motion to disqualify Freeman's counsel; and made mistakes of law.

Freeman filed a cross-petition to confirm the award.

Crowder filed a challenge to the assigned Judge, Richard Burdge, under Code of Civil Procedure section 170.1, contending reasonable doubt existed that Judge Burdge could be impartial because for three and a half years beginning in 2011 he leased office space from Freeman's counsel's firm and occupied an office that was two doors down from the office of Kyle Kveton, Freeman's lead counsel, and he remained socially friendly with Kveton.  On April 3, 2019, Judge Burdge ordered Crowder's statement of disqualification stricken on the ground that it set forth no facts constituting grounds for disqualification.  Crowder petitioned this court for a writ of mandate reversing the order, which we denied.

On October 25, 2019, the trial court issued a tentative ruling, which it adopted after the hearing. It found that "Crowder does not argue that the Arbitrator refused to hear evidence material to the controversy; rather he argues that the Arbitrator sustained Freeman's objections to his evidence," but an arbitration award may not be vacated because of evidentiary errors or mistakes of law. Regarding Crowder's contention that the arbitrator improperly refused to postpone the July 28, 2017 hearing but instead held it in his absence, the court found that Crowder never asked that the hearing be postponed, and in any event JAMS rules permit an arbitrator to hold a hearing in the absence of a party.

The trial court therefore denied Crowder's motion to vacate the award and granted Freeman's to confirm it, and entered judgment accordingly.

Crowder appeals.

## DISCUSSION

### A. An Arbitration Award May Not Be Vacated Due to Legal Errors

Crowder contends his rights were substantially prejudiced by the arbitrator's refusal to hear material evidence. He argues that by sustaining Freeman's objections to his evidence, the arbitrator prevented him from properly presenting his case. We disagree.

As a general rule, "parties to a private arbitration impliedly agree that the arbitrator's decision will be both binding and final." (*Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 9.) Courts therefore may not review an arbitrator's decision for sufficiency of the evidence or errors of fact, law, or reasoning. (*Id.* at p. 11.)

9

A court shall, however, vacate an arbitration award if it determines that "[t]he rights of the party were substantially prejudiced by the refusal of the arbitrators to postpone the hearing upon sufficient cause being shown therefor or by the refusal of the arbitrators to hear evidence material to the controversy . . . ."  (Code Civ. Proc., § 1286.2, subd. (a)(5).)  But "section 1286.2, subdivision (a)(5) does not contemplate vacation of an award merely because arbitrators refuse to consider evidence they find legally irrelevant, even if the irrelevance determination rests upon an incorrect legal foundation." (*Heimlich v. Shivji* (2019) 7 Cal.5th 350, 369.)

"On appeal from an order confirming an arbitration award, we review the trial court's order (not the arbitration award) under a de novo standard.  [Citations.]  To the extent that the trial court's ruling rests upon a determination of disputed factual issues, we apply the substantial evidence test to those issues." (*Lindenstadt v. Staff Builders, Inc.* (1997) 55 Cal.App.4th 882, 892, fn. 7.)

Here, Crowder identifies no evidence he was precluded from presenting or the arbitrator refused to consider.  He argues that the arbitrator sustained Freeman's objections to "essentially all" of his evidence, but evidence to which an objection has been sustained has not been ignored, it has simply been deemed inadmissible.

Crowder refuses to accept this point.  At the hearing below, the trial court explained that "whether you agree or disagree with [the arbitrator's] evidentiary rulings," superior court review is limited to whether the evidence was considered—even if only for the purposes of ruling on objections.  Crowder argues that this explanation establishes that the court "abdicated its

10

responsibility to adequately review the record sufficiently to determine the issues." Not so. The trial court properly considered the relevant issue, which was whether the arbitrator considered Crowder's evidence. She did so—before sustaining Freeman's objections to it. To sustain an objection to evidence is not to ignore it.

Even if the arbitrator's evidentiary ruling was in error, an erroneous legal ruling resulting in the exclusion of evidence "is not judicially reviewable." (*Heimlich v. Shivji*, *supra*, 7 Cal.5th at p. 370.)

Crowder moreover fails to describe how the arbitrator's evidentiary rulings substantially prejudiced him (other than arguing that certain nominal legal issues went unconsidered and that he ultimately suffered an adverse award). To vacate an arbitration a petitioner must show how his rights were substantially prejudiced by the arbitrator's refusal to hear evidence. (*Blatt v. Farley* (1990) 226 Cal.App.3d 621, 626.)

" 'In the typical arbitration, an arbitrator must make numerous decisions about admission of evidence and in doing so may exclude material evidence. No doubt there will often be aggrieved parties who believe they have been "substantially prejudiced." Decisions about materiality cannot be made without familiarity with the issues and evidence in the arbitration. If the superior court must, with or without a transcript of the arbitration, routinely review the arbitrator's decision on materiality before reaching the question of substantial prejudice, the legislative goal of arbitral finality will be unattainable. Instead of saving time and money, the arbitration will be supplemented by lengthy and costly judicial second-guessing of

11

the arbitrator.' " (*Schlessinger v. Rosenfeld, Meyer & Susman* (1995) 40 Cal.App.4th 1096, 1110.)

Crowder argues at length that the arbitrator failed to consider or credit his declaration, failed properly to balance what evidence it did consider, and erroneously deemed certain legal issues to be irrelevant. But even if true, neither evidentiary, factual, nor legal errors are grounds to vacate an arbitration award. "By agreeing to arbitration, parties anticipate a relatively speedy, inexpensive and final resolution, one that may be based on 'broad principles of justice,' rather than strictly the rule of law." (*Toal v. Tardif* (2009) 178 Cal.App.4th 1208, 1218.)

## B.     The Prove Up Hearing Accorded No Basis to Vacate the Award

Crowder argues the prove up hearing violated JAMS procedural rules. We disagree.

The JAMS rules permit the arbitrator to proceed with a hearing in the absence of a party, so long as proper notice is given. (JAMS Rules, rule 22(j).)

Crowder relies on JAMS rule 19(b), which provides that when a party has failed to participate in the arbitration process, a hearing may be held in the party's absence only upon 30 days notice. He argues he received no such notice for the July 28, 2017 hearing. But Crowder was not a party who failed to participate in the arbitration process; he participated at length. He refused only to attend the last hearing. Therefore, JAMS rule 19(b) did not apply.

## C.     The Trial Court's Ruling on Crowder's Disqualification Order is Nonappealable

Crowder argues the trial court improperly denied his motion to disqualify Judge Burdge. Such a ruling is not an

12

appealable order.  (Code Civ. Proc., § 170.3, subd. (d) ["The determination of the question of the disqualification of a judge is not an appealable order and may be reviewed only by a writ of mandate"].)

## D.     Conclusion

For the reasons discussed above, the trial court properly denied Crowder's motion to vacate the arbitration award.

## DISPOSITION

The judgment is affirmed.  Respondent is to recover its costs on appeal.

NOT TO BE PUBLISHED


                                                          CHANEY, J.

We concur:



          ROTHSCHILD, P. J.



          FEDERMAN, J.[*]

---

          [*] Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.


13